IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LENNIL L. JOHNSON, # 27826, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-84-MJR |
| | ) |
| ELLEN DAUBER | ) |
| and KAHALAH A. DIXON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently a detainee at the St. Clair County Jail ("the Jail"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

## I. *In Forma Pauperis* Motion (Doc. 2)

This matter is before the Court on a motion for leave to proceed *in forma pauperis* ("IFP") brought by Plaintiff. Plaintiff seeks leave to proceed IFP in this case without prepayment of the Court's usual $400.00 filing fee in a civil case.[1] *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund

---

[1] A litigant who is granted IFP status must pay a filing fee of only $350.00, as he is not assessed the $50.00 administrative fee for filing an action in a district court. *See* Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). If IFP status is granted, a prisoner is assessed an initial partial filing fee according to the formula in 28 U.S.C. § 1915(b)(1)(A)-(B). Thereafter, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). This monthly payment must be made each time the amount in the account exceeds $10.00 until the filing fee in the case is paid. *See id.* Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

In this case, Plaintiff has tendered an affidavit of indigence that is sufficient as to form, but this is not the end of the matter. Pursuant to 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute provides further that, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). Under 28 U.S.C. § 1915,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Review of documents filed in the electronic docket of this Court discloses the following actions brought by Plaintiff while a prisoner seeking redress from officers or employees of a governmental entity that have been dismissed pursuant to 28 U.S.C. § 1915A on the grounds that they were frivolous or failed to state a claim: *Johnson v. Churchich, et al*, Case No. 94-cv-538 (S.D. Ill., dismissed Jan. 25, 1995); *Johnson, et al. v. Ohlendorpf, et al*, Case No. 95-cv-67 (S.D. Ill., dismissed March 29, 1995); *Johnson v. Stanley, et al*, Case No. 95-cv-507 (S.D. Ill., dismissed Aug. 7, 1995); *Johnson v. Washington, et al*, Case No. 95-cv-819 (S.D. Ill., dismissed July 11, 1996); and *Johnson v. Elliot, et al*, Case No. 00-cv-713 (S.D. Ill., dismissed Jan. 7, 2003). Because Plaintiff has more than three "strikes" for purposes of § 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In this case, Plaintiff's complaint, as well as his motion for leave to proceed IFP, are

devoid of allegations that might lead the Court to conclude that Plaintiff is under imminent danger of serious physical injury. He claims that Defendants Dauber (a St. Clair County Judge) and Dixon (St. Clair Circuit Court Clerk) have conspired together since January 2003 to deprive him of his real property. Specifically, he claims to have purchased a house located at 20 Kassing Drive, Fairview Heights, Illinois, from Deborah A. Perkins on a contract for deed arrangement for $15,000, which he paid in full, and she executed a quitclaim deed in his favor. However, Ms. Perkins apparently continued to reside in the home, and sold substantial quantities of drugs there. Defendant Dauber presided over a lawsuit filed by Ms. Perkins against Plaintiff in the Circuit Court of St. Clair County. Because of the drug sales, Ms. Perkins was sentenced to prison and the house in question was forfeited (Doc. 1, p. 14). Plaintiff claims that Defendant Dixon prevented him from filing necessary appeals (Doc. 1, p. 7).

Plaintiff raised the same claim of ownership to this real property in documents he filed in the forfeiture action, which is still pending in this Court. *United States v. Real Property Located at 20 Kassing Drive, Fairview Heights*, Case No. 13-cv-298-DRH-SCW (Docs. 14, 16, 17, 21, 22, 23). Plaintiff's various motions were stricken or in the alternative denied on February 10, 2014 (Doc. 27 in forfeiture case), and his claims of ownership of the real estate were found to be completely frivolous, false, and fraudulent. Specifically, Chief Judge Herndon noted that in St. Clair County Case No. 03-MR-326 (*Perkins v. Johnson*), Defendant Judge Dauber had found the quitclaim deed to be null and void, and entered judgment against Plaintiff in 2006. Plaintiff did not appeal that judgment. Because Plaintiff knew that he did not have a valid interest in the real property, yet brought his frivolous claim in the forfeiture action, he is under an order to show cause in that action no later than March 10, 2014, why the Court should not impose monetary sanctions upon him (Doc. 27 in forfeiture case).

Plaintiff fails to meet the § 1915(g) requirement to proceed IFP in this case.  None of the allegations raised by Plaintiff in this civil rights action remotely involve any physical danger to him, either serious or imminent.  Indeed, he does not even attempt to argue that his claim falls within the exception to the three-strike bar.  His motion for pauper status (Doc. 2) shall be denied.

## II. Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.  Applying these standards to the complaint, Plaintiff's substantive claims must fail.

In light of this Court's ruling in the forfeiture case (Case No. 13-cv-298-DRH-SCW), Plaintiff's claim of ownership to the Fairview Heights house is frivolous, and his assertion that Defendants deprived him of ownership of the real property in a "corrupt" legal proceeding is baseless.  Further, he cannot maintain a claim against Defendant Dauber based on actions that were clearly taken in her role as judge in the state court case involving Plaintiff's alleged interest in the property.  Judges, being sued solely for judicial acts, are protected by absolute judicial immunity.  *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991); *Forrester v. White,* 484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Scruggs v. Moellering,* 870 F.2d 376, 377 (7th Cir.), *cert. denied,* 493 U.S. 956 (1989).

Defendant Dixon, the clerk of court, is not protected by absolute immunity.  However, court personnel who act at the direction of a judge are entitled to quasi-judicial immunity.  *See Antoine v. Byers & Anderson, Inc*., 508 U.S. 429, 436-38 (1993) (overruling that portion of *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.), *cert. denied,* 493 U.S. 956 (1989) which

held that court reporters and clerks were absolutely protected by judicial immunity); *see also Kincaid v. Vail*, 969 F.2d 594, 600-01 (7th Cir. 1992) (auxiliary judicial personnel are entitled to immunity when performing judicial or quasi-judicial functions). Plaintiff's only allegation against Defendant Dixon is that she refused to allow him to file an appeal. However, the St. Clair County judgment against him was entered in 2006. The time limit for Plaintiff to have appealed that judgment would have run out years before Defendant Dixon became the Circuit Clerk in 2011. *See* ILL. S. CT. R. 303. Thus, there is no merit to a claim that Defendant Dixon interfered with Plaintiff's ability to pursue an appeal from the adverse circuit court judgment.

To summarize, Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of § 1915(g), thus he cannot proceed IFP in this case. Moreover, his claims do not survive review under 28 U.S.C. § 1915A.

### III. Show Cause Order

It does not escape the Court's attention that Plaintiff is a serial litigator who has racked up substantial unpaid filing fees. Plaintiff has filed a total of eighteen lawsuits in this Court, as well as eight more in the Central District of Illinois. After the enactment of the "three strike" rule in 1996, by which time Plaintiff had already accumulated at least three strikes, he continued to file new actions undeterred by the provisions of § 1915(g). Since 2000, Plaintiff has brought seven other cases in this district which were dismissed either because he failed to show he was in imminent danger of serious physical injury or because they lacked merit.[2] Each time, he incurred another filing fee. Plaintiff has made some installment payments toward these fees in

---

[2] *Johnson v. Gulash, et al.*, Case No. 00-cv-701; *Johnson v. Elliott, et al.*, Case No. 00-cv-713; *Johnson v. Snyder, et al.*, Case No. 01-cv-551; *Johnson v. Collins, et al.*, Case No. 05-cv-664; *Johnson v. Brooklyn, Illinois, et al.*, Case No. 09-cv-416; *Johnson v. Smith, et al.*, Case No. 09-cv-432; *Johnson v. McLaurin, et al.*, Case No. 09-cv-462. In addition, Plaintiff was allowed to proceed with one claim in *Johnson v. Justus, et al.*, Case No. 09-cv-336, but the case was dismissed for failure to comply with a court order.

three of his cases, but a substantial amount remains due.  Plaintiff's unpaid filing fees with this Court for the cases he has brought from 2000 through 2009 currently total $ 2,018.76.[3]  He has incurred the obligation to pay an additional $400.00 for the instant case.

The courts of this circuit will not allow struck-out prisoners to repeatedly file new lawsuits seeking pauper status without regard to the imminent danger requirement.  *See Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)) ("A prisoner who becomes ineligible under § 1915(g) to continue litigating *in forma pauperis*, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits."), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("[U]npaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation.").

Accordingly, Plaintiff shall be ordered to show cause why he should not be barred from filing any further actions in this Court until such time as he pays in full the outstanding filing fees he owes the Court as described herein.

### IV. Disposition

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 2) is **DENIED**.  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  It is **further**

---

[3] The filing fee was $150.00 for Case Nos. 00-cv-701, 00-cv-713 (partial payment made, balance due $93.43), and 01-cv-551.  The fee was $250.00 for Case No. 05-cv-664 (partial payment made, balance due $232.00).  The fee was $350.00 for Case Nos. 09-cv-336 (partial payment made, balance due $343.33), 09-cv-416, 09-cv-432, and 09-cv-462.  Plaintiff may have been assessed additional fees for cases filed from 1994 through 1996, but the Court's current accounting system does not include records for that period, thus, they shall not be included here.

**ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **thirty-five (35) days** of the date of entry of this Order (on or before **April 7, 2014**). *See Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994). If timely payment is not made, an order will issue to collect this filing fee from Plaintiff's inmate trust fund account pursuant to 28 U.S.C. § 1915(b).

Plaintiff is **FURTHER ORDERED TO SHOW CAUSE** why this Court should not restrict him from filing any further actions in this Court until such time as Plaintiff pays the outstanding $2,018.76 owed for his previously filed actions in full, in addition to the $400.00 filing fee for this action. Tender by Plaintiff of the full **$2,418.76** in outstanding fees for these actions to the Clerk of the Court on or before April 7, 2014, shall be deemed by the Court to discharge Plaintiff's duty to show cause under this order. If Plaintiff does not pay the full sum or otherwise respond by this deadline to show cause why a filing ban should not be imposed, a filing ban order shall be entered against Plaintiff. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. Plaintiff is **ADVISED** that this dismissal shall count as another "strike" under the provisions of 28 U.S.C. § 1915(g).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal the dismissal of this case, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999);

*Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents.

**IT IS SO ORDERED.**

**DATED: March 3, 2014**

s/ MICHAEL J. REAGAN
United States District Judge