IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LENNIL L. JOHNSON,<br>    St. Clair County # 27826,<br>    Madison County # 18690,<br><br>          Plaintiff,<br><br>    vs.<br><br>ELLEN DAUBER<br>and KAHALAH A. DIXON,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Case No. 14-cv-84-MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court for review of the show cause order (Doc. 5) entered on March 3, 2014. In surveying Plaintiff's recent litigation activity in this Court, it has come to the Court's attention that Plaintiff never filed a response to the order to show cause. When this case was dismissed on the merits, Plaintiff owed a total of $2,418.76 in filing fees to this Court, including the $400.00 filing fee for the instant action. Because of his prolific litigation activity, which continued even after he had "struck out" under 28 U.S.C. § 1915(g) by filing meritless cases while imprisoned, Plaintiff was ordered to show cause why this Court should not restrict him from filing further actions until such time as he paid these outstanding filing fees in full. Tender of the sum of $2,418.76 would discharge his duty to show cause.

The order at Doc. 5 was mailed to Plaintiff on March 4, 2014, at the St. Clair County Jail, where he was then confined, along with the final judgment in the case (Doc. 6). Plaintiff was directed to respond by April 7, 2014, and was notified of his rights to appeal the order dismissing his case (Doc. 5). Plaintiff did not appeal. His only response was to file a notice of his change

of address upon his release from jail, received by the Court on April 10, 2014 (Doc. 7).

Since his re-incarceration in the Madison County Jail, Plaintiff has filed two new cases in this Court: *Johnson v. Lakin, et al.*, Case No. 15-cv-297-NJR-DGW (filed March 18, 2015) (Plaintiff was granted pauper status based on his allegations of imminent danger, and has paid $21.02 toward his $350.00 filing fee); and *Johnson v. Village of Brooklyn, et al.*, Case No. 15-cv-463-MJR (pauper status was denied, and Plaintiff paid the $400.00 filing fee in full). This recent litigation activity has prompted a belated review of Plaintiff's litigation history as well as his still-unpaid filing fees.

Plaintiff has never attempted to show cause why the filing ban proposed in Doc. 5 in the instant case should not be imposed on him. Further, he has failed to make any further payments toward the outstanding filing fees he owed at the time this case was dismissed. And finally, his recently-resumed litigation activity indicates that he continues to be undeterred by his "struck out" status. Accordingly, the Court finds it appropriate to impose a filing restriction on Plaintiff, in accordance with the warning he was given in the order at Doc. 5.

**Filing Restriction**

**IT IS THEREFORE ORDERED** that Plaintiff Lennil L. Johnson is hereby **RESTRICTED** from filing any new civil actions in this Court until such time as his outstanding filing fees of $2,418.76[1] have been paid in full. This filing restriction does not extend to a notice of appeal from this order (which shall result in the imposition of an additional $505.00 filing/docketing fee), to the filing of any petition for a writ of habeas corpus, nor to pleadings filed as a defendant in another criminal or civil case. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995); *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997). In

---

[1] This total does not include the remaining fee of $328.98 which is due and payable in Case No. 15-cv-297-NJR-DGW. Plaintiff was granted IFP status in that case, and may continue to pay that fee in installments as provided in that action.

accordance with this precedent, Plaintiff may seek modification or recission of this order, by filing a motion in this Court *no earlier* than two years from the date of entry of this order, assuming that he fails to pay the balance of his filing fees within that two years. Any papers submitted to the Court by Plaintiff while this filing restriction is in place shall be accompanied by a copy of this order.

Should Plaintiff attempt to file any new civil action in this Court, the Clerk of Court is **DIRECTED** to return any documents submitted in violation of this order to the Plaintiff unfiled.

The Clerk is **DIRECTED** to mail a copy of this order to Plaintiff's address of record in this case, **AND** to Plaintiff at the address he listed on his most recent case (*Johnson v. Vill. of Brooklyn, et al.*, Case No. 15-cv-463-MJR), which is: Inmate # 18690, Madison County Jail, 405 Randle St., Edwardsville, IL 62025.

**IT IS FURTHER ORDERED** that the agency having custody of the Plaintiff **SHALL REMIT** the $400.00 filing fee for this action from his prisoner trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prisoner trust fund account (including all deposits to the inmate account from any source) until the $400.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid. In addition, Plaintiff shall note that the filing fees for multiple cases cumulate. *See Newlin*, 123 F.3d at 436, overruled in part on other grounds by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). A prisoner who

files one suit must remit 20% of his monthly income to the Clerk of the Court until his fees have been paid; a prisoner who files a second suit or an appeal must remit 40%; and so on.  *Newlin*, 123 F.3d at 436.  "Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid."  *Id*.  Payments shall be mailed to:  Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.  The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at the Madison County Jail upon entry of this Order.

      If Plaintiff wishes to appeal this order, he may file a notice of appeal with this Court within thirty days of the entry of this order.  FED. R. APP. P. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

      Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a change in address occurs.  Failure to comply with this order will cause

a delay in the transmission of court documents.

**IT IS SO ORDERED.**

**DATED: August 5, 2015**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court
